## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA MILLER, REBECCA WYLIE and JAVIER ROBLES, individually on behalf of themselves and all other persons similarly situated, | ) ) ) ) | Case No.    11-cv-3658 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| USV OPTICAL, INC., a/k/a U.S. Vision, a Pennsylvania corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Linda Miller, Rebecca Wylie and Javier Robles, individually on behalf of themselves and all other persons similarly situated, by their attorneys, Vincent T. Borst, Robert M. Winter, Andrés J. Gallegos, Richard Lee Stavins and Arthur Radke of Robbins Salomon & Patt, Ltd., complain of Defendant USV Optical, Inc., a/k/a U.S. Vision, a Pennsylvania corporation, as follows:

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  Plaintiffs' claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et sequitur*, Public Law 101-336, 104 Stat. 327, as amended.

2.     Venue is proper in this district because Defendant caused and continues to cause injuries to Plaintiffs in this district and Defendant resides in this district.

FL4831

## THE PARTIES

3.     Plaintiff Linda Miller is a paraplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Linda Miller resides in Chicago, Illinois.

4.     Plaintiff Rebecca Wylie is a quadriplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Rebecca Wylie resides in Deerfield, Illinois.

5.     Plaintiff Javier Robles is a quadriplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Javier Robles resides in Edison, New Jersey.

6.     Defendant USV Optical, Inc. is also known as U.S. Vision ("USV"), and is a Pennsylvania Corporation. On information and belief, USV licenses to operate more than 700 retail optometry center departments within national and regional department stores within the United States of America, doing business and providing optical examinations to the public under the brand names JCPenney Optical, Macy's Optical, Sears Optical, BJ's Optical and others.

## CLASS ALLEGATIONS

7.     Pursuant to Fed. R. Civ. P. 23(a), the Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The class the Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use a wheelchair and are unable to obtain optometry services and care at Defendant USV's optometry departments at JCPenney, Macy's, Sears Roebuck & Company and BJ's Wholesale Club stores, among others, because of the failure of Defendant USV to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

FL4831                                                2

8.     The persons in the class are so numerous that joinder of all persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and the Court.  Approximately 2.7 million disabled people ages 15 and older depend upon the use of wheelchairs in the United States.  Plaintiffs are informed and believe that thousands of individuals with ambulatory disabilities who depend upon the use of wheelchairs seeking optometry services from USV have suffered and will continue to suffer systematic discrimination.

9.     There are common questions of law and fact involved that affect the parties to be represented in that they are all being denied, or will be denied their civil rights of full and equal enjoyment of optometry services and care from USV, due to the barriers described herein.

10.     The claims of the Plaintiffs are typical of the claims of the class because the Plaintiffs are similarly affected by the failure of USV to provide the legally required access to its facilities and optometry services throughout the United States.

11.     The Plaintiffs are adequate class representatives because they are directly impacted by the failure of USV to provide access to vision care services, facilities and equipment throughout the United States.  The interests of the Plaintiffs are not antagonistic to or otherwise in conflict with the interests of the class as a whole.  The attorneys representing the class are experienced in representing clients in class actions and class action civil rights claims.

12.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because USV has acted and/or failed to act on grounds applicable to the class as a whole, making final declaratory and injunctive relief for the class as a whole superior to all other methods of disposition.

13.     Upon information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable to individually prosecute an action because the amounts at stake for individuals, while

FL4831                                                    3

significant, are relatively small for most or all of the class members contrasted with the costs of prosecution. Concentrating litigation in a single forum will promote judicial efficiency by resolving common questions of law and fact in a single forum instead of across multiple courts.

14.     A class action would be manageable. Individualized litigation presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. References to Plaintiffs shall be deemed to include each named Plaintiff and each member of the class, unless otherwise indicated.

### DEFENDANT'S CONDUCT

15.     A regularly scheduled comprehensive eye examination is critical to maintaining healthy eyes and healthy vision. Optometrists are qualified to administer such exams and treat many diseases and disorders of the eye. An eye exam is low cost and of high benefit to the patient. Economic, medical and moral benefits exist for every person to have an annual eye exam by an optometrist.

16.     Defendant USV has a pattern and practice of failing to provide full and equal access to eye exams by ambulatory impaired disabled individuals who depend upon the use of wheelchairs who are seeking vision care services, by failing to remove architectural barriers that prevent full and equal enjoyment of, and access to its eye examination services, failing to provide or make available auxiliary aids and services, and failing to make reasonable modifications to its policies, practices and procedures to ensure that disabled people with ambulatory impairments who depend upon the use of wheelchairs are provided with equal access to the facilities, equipment and services USV provides to its customers.

FL4831                                                     4

17.     As a consequence of the aforesaid conducts, USV does not provide full and equal access for disabled people with ambulatory impairments who use wheelchairs. Defendant USV's employees and staff members are not able to address these barriers and provide optometry services on an equal basis to disabled persons with ambulatory impairments who depend on the use of wheelchairs, and thus such disabled persons are unable to secure comprehensive eye care services at USV's optometry departments that are readily available to non-disabled persons without ambulatory impairments.

18.     USV does not provide, and it denies and continues to deny, access for disabled individuals with ambulatory impairments who depend upon the use wheelchairs by creating and failing to remove architectural barriers in the following ways:

    a.    The examination chairs do not lower to facilitate the transfer of disabled ambulatory impaired persons from their wheelchairs onto the eye exam chairs;

    b.    No other safe means are provided to lift disabled ambulatory impaired persons from their wheelchairs onto examination chairs, such as portable lift systems or fixed overhead lift systems;

    c.    The examination chairs are fixed to the floor and cannot be moved to permit disabled ambulatory impaired persons in wheelchairs to access the eye examination equipment while seated in their wheelchairs;

    d.    The examination equipment cannot be moved sufficiently to accommodate an eye examination for a person in a wheelchair;

    e.    Examination rooms are too small to accommodate wheelchair access and use;

    f.    Disabled persons with ambulatory impairments who depend upon the use of wheelchairs are turned away from facilities or dissuaded from seeking optometry services from USV when they inquire telephonically about the availability of vision care services for disabled persons who depend on the use of wheelchairs; and

    g.    USV otherwise has denied access to disabled ambulatory impaired individuals who depend upon the use of wheelchairs.

FL4831

19.    The pervasive barriers to access described above make it more difficult and expensive for disabled persons with ambulatory impairments who use wheelchairs to receive adequate vision screening and care.  The failure of USV's to remove such architectural access barriers throughout the USV optometry departments prevents full and equal access, subjects disabled people with ambulatory impairments who use wheelchairs to embarrassing, humiliating, and frustrating experiences, and increases the likelihood that they will not be able to secure eye care services that are available to people without ambulatory impairments.

20.    Each USV optometry center is a public accommodation that is covered by Title III of the ADA. 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

## EXPERIENCES OF THE NAMED PLAINTIFFS

21.    Linda Miller is a person with an ambulatory impairment. Since 1956, she has been living with the effects of polio, causing paraplegia. As a result, she utilizes a power wheelchair. She has been wearing prescription eyeglasses for the past 15 years.  On or about April 18, 2011, Linda called the JCPenney Optical department operated by defendant USV, located at 200 River Oaks Drive in Calumet City, Illinois.  An employee told Linda that she could not receive an eye examination unless she transferred onto their examination chair because their chair did not move and that an eye exam could not be performed in the wheelchair.  Linda explained that she could not transfer herself and preferred to have the exam while in her wheelchair.  An optometrist insisted that Linda had to transfer herself.  On or about April 22, 2011, Linda telephoned the JCPenney Optical department at Ford City Mall in Chicago, Illinois. Linda explained that she was in a wheelchair without the ability to independently transfer.  The employee told Linda that the optometry examination chair was not movable, and as a result, Linda could not receive services at the store unless she could get out of her wheelchair and "take a few steps to get to the chair," which Linda physically cannot do.

FL4831                                              6

22.     Rebecca Wylie is a person with an ambulatory impairment.  Rebecca has been living with the effects of Acute Transverse Myelitis, which developed when she was 7 years old, affecting her 3rd cervical vertebra, causing quadriplegia.  As a result, she is dependent upon the use of a wheelchair.  Rebecca has been using prescription eyeglasses since 2004.  On or about April 14, 2011, Rebecca called the Macy's Optical department at Old Orchard Shopping Center in Skokie, Illinois, to inquire about obtaining a comprehensive vision exam.  After explaining that she was in a wheelchair and unable to independently transfer, Rebecca was put on the telephone with the optometrist.  The optometrist at the store informed Rebecca that the facility did not have the ability to treat patients with disabilities in wheelchairs.  The optometrist also said Macy's was not required to provide accessible facilities because other places do and that having movable equipment was too expensive.

23.     Javier Robles is a person with an ambulatory impairment.  Javier sustained a spinal cord injury to his 5th cervical vertebra in or about April 1983, resulting in quadriplegia. As a result, Javier is required to use a wheelchair.  Javier has been wearing prescription eyewear for many years.  Javier was also diagnosed with Type 2 Diabetes in or about October 2008, which makes the need to obtain comprehensive eye exams particularly vital because diabetes increases the risk of vision problems.  On or about April 18, 2011, Javier called the JCPenney Optical department in Woodbridge, New Jersey.  That store is reasonably close to Javier's personal residence.  He called the store to inquire whether the department and its eye examination services were accessible for persons with quadriplegia and to see if he could obtain a comprehensive eye examination there. An employee at the store informed Javier that unless he was able to transfer out of his wheelchair he would not be able to obtain an eye examination there, because the exam chair was fixed to the floor and was immovable.  On April 26, 2011, Javier telephoned the JCPenney Optical department at Brunswick Square Mall in East

FL4831                                                         7

Brunswick, New Jersey. Javier called that store to inquire about whether the department and its eye examination services were accessible for persons in a wheelchair to see if he could obtain a comprehensive eye exam there. An employee explained that they do not have the equipment and the exam chair is bolted down, and that their optometrist is elderly and that no one was available to assist Javier in transferring to an exam chair. On the same day, April 26, 2011, Javier also called defendant's BJ's Optical department in Watchung, New Jersey, to inquire about obtaining a comprehensive eye examination there and whether their department, equipment and services would accommodate him as a person in a wheelchair. An employee told Javier that they did not have the equipment to accommodate him and suggested that he obtain an eye examination elsewhere and then bring them the prescription to fill.

**THE STATUTE AND REGULATIONS**

24.    At all times relevant, there was in full force and effect a statute known as the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189, (the "ADA"), and its implementing regulations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

    a.    No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

    b.    It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

    c.    It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility,

privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

d.     It shall be discriminatory to impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b) (2)(A)(i); 28 C.F.R. § 36.301(a).

e.     It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b) (2)(A)(ii); 28 C.F.R. § 36.302(a).

f.     It shall be discriminatory to fail to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b) (2)(A)(iii); 28 C.F.R. § 36.303(a).

g.     It shall be discriminatory to fail to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b) (2)(A)(iv); 28 C.F.R. § 36.304(a).

## DEFENDANT'S VIOLATIONS

25.     Defendant USV's acts and omissions alleged herein violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners:

a.     USV has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the departments and facilities owned, operated and/or contracted for use by USV.

FL4831                                              9

b.    USV has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of USV licensed optometry departments and facilities.

c.    USV has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals with ambulatory impairments.

d.    USV has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of optometry services.

e.    USV has discriminated against Plaintiffs and the class members by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

f.    USV has discriminated against Plaintiffs and the class members by failing to take such steps as may be necessary to ensure that Plaintiffs and the class members are not excluded, denied services or otherwise treated differently than other individuals because of the absence of auxiliary aids where the taking of such steps would not fundamentally alter the nature of its offered services or would not result in an undue burden.

g.    USV has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing licensed departments or facilities where such removal is readily achievable.

h.    USV has otherwise discriminated against Plaintiffs and the class members.

26.    Defendant USV's conduct constitutes ongoing and continuing violations of the ADA.   Unless restrained from doing so, USV will continue to violate the ADA.  This conduct, unless enjoined, will continue to inflict injuries on Plaintiffs and the members of the class for which Plaintiffs and the class will have no adequate remedy at law.  Therefore, pursuant to

FL4831                                                     10

section 308 of the ADA (42 U.S.C. § 12188), Plaintiffs and members of the class are entitled to injunctive relief.

27.     Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

a.     A preliminary injunction and a permanent injunction, prohibiting USV from violating the ADA, 42 U.S.C. § 12181, *et seq.*, and compelling USV to comply with the ADA;

b.     A declaration that USV is operating in a manner which discriminates against disabled individuals who are ambulatory impaired who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

c.     An order certifying the case as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(2), and appointing Plaintiffs as class representative and their attorneys as class counsel;

d.     An award of attorneys' fees and costs;

e.     Such other relief as the Court deems just.

LINDA MILLER, REBECCA WYLIE and JAVIER ROBLES, individually on behalf of themselves and all other persons similarly situated, Plaintiffs

By:     /s/ Vincent T. Borst
One of Their Attorneys

Vincent T. Borst (ARDC No. 06192904)
Robert M. Winter (ARDC No. 03122228)
Andrés J. Gallegos (ARDC No. 6212168)
Richard Lee Stavins (ARDC No. 02710099)
Arthur Radke (ARDC No. 3125515)
Scott D. Spears (ARDC No. 6275965)
Attorneys for Plaintiffs
ROBBINS, SALOMON & PATT, LTD.
25 East Washington Street, Suite 1000
Chicago, Illinois 60602

FL4831

(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
vborst@rsplaw.com
rwinter@rsplaw.com
agallegos@rsplaw.com
rstavins@rsplaw.com
aradke@rsplaw.com
sspears@rsplaw.com